# EXHIBIT A

RASi REGISTERED AGENT SOLUTIONS INC
A WOLTERS KLUWER COMPANY

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
5301 Southwest Parkway, Suite 400
Austin, TX 78735

**Phone:** (888) 705-7274

# SERVICE OF PROCESS RECEIPT

3/2/2026

Jeff Fastovsky
**LeadPoint, Inc.**
5717 Legacy Drive
Suite 250
Plano, TX 75024 USA

> **NOTICE OF CONFIDENTIALITY**
> This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE: LeadPoint, Inc.**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A Summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.

For additional information and instruction, contact the document issuer: NORTHWEST DEBT RESOLUTION, LLC

## SERVICE INFORMATION

Service Date: 3/2/2026
Service Time: 11:47 AM PST
Service Method: Process Server

## RASi REFERENCE INFORMATION

Service No.: 0432313
RASi Office: Washington
Rec. Int. Id.: EMR

## CASE INFORMATION

Case Number: N/A
File Date: 02/23/2025
Jurisdiction: SUPERIOR COURT, PIERCE COUNTY, WASHINGTON
Case Title: RON LITTMAN V. LEADPOINT, INC., ET AL.

## ANSWER / APPEARANCE INFORMATION

20 days

*(Be sure to review the document(s) for any required response dates)*

## AGENCY / PLAINTIFF INFORMATION

Firm/Issuing Agent: NORTHWEST DEBT RESOLUTION, LLC
Attorney/Contact: PETER SCHNEIDER
Location: Washington
Telephone No.: 206-800-6000

## DOCUMENT(S) RECEIVED & ATTACHED

Complaint
Summons
Demand for Jury Trial

## ADDITIONAL NOTES:

**Questions?** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LEADPOINT, INC, and DOES 1-10,<br><br>Defendants. | NO.<br><br>SUMMONS |

LEADPOINT, INC

A lawsuit has been started against you in the above-entitled court by the Plaintiff. The Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons (60 days if served outside the State of Washington), excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what she or he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED February 23, 2026.

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff



NW DR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LEADPOINT, INC, and DOES 1-10,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ, WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 ET SEQ, AND WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Ron Littman, on behalf of himself and others similarly situated and complains against Leadpoint, Inc, and for cause of action against the Defendants complains and alleges as follows:

## I. INTRODUCTION

1. There are telemarketers in America whose long-term business model is placing lots and lots of unsolicited calls and robocalls.

2. Companies who sell a particular widget are looking for customers interested in such widgets, and telemarketers are eager to introduce widget makers with possibly interested customers.

3. Some telemarketers call all the phone numbers they can, playing pre-recorded or artificially generated speech about widgets.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

4. The telemarketer does this to build up a pool of valid phone numbers, noting key demographics of the people behind the phone numbers like age, gender, interests, or location.

5. When the telemarketer strikes a deal with a specific widget maker to find potential customers, the telemarketer goes to their calling pool, and calls the people that fit the widget maker's specified customer profile.

6. And call them again and again and again.

7. When the telemarketer finds a consumer they can sell to a widget maker, they call that person a "Lead."

8. The telemarketer passes the Lead to a widget maker for monetary gain, the widget maker is happy to have someone to pitch their widgets to, and everyone in the loop gains something.

9. This is with the exception of consumers like the Plaintiff and individuals in the proposed class, who don't want the phone calls.

10. As former Senator Fritz Hollings once stated:

> "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

## II. PARTIES, JURISDICTION & VENUE

11. The Plaintiff is a resident of Pierce County, Washington, and was a resident of Washington State at all times relevant and material to this complaint.

12. Defendant Leadpoint Inc, ("Leadpoint") is a Texas corporation with its principal place of business located at 104 W Anapamu St Ste B, Santa Barbara CA 93101.

13. Leadpoint's registered agent in Washington State is Registered Agent Solutions Inc, 3400 Capitol Blvd SE Ste 101, Tumwater WA 98501.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

14. DOES 1-10 are currently unknown parties who acted as the agent of a known defendant in telephone soliciting consumers and Plaintiff.

15. All of the calls alleged in this complaint occurred inside the State of Washington during the last four years, and Plaintiff received most of them in Pierce County, Washington State.

16. Defendants are within the jurisdiction of the Court.

17. At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing of computerized phone calls to the Plaintiff and Washington State residents to sell products and services.

18. Venue is proper in this County because many of the violations against the Plaintiff and putative class members occurred in this Court's jurisdiction.

## III. FACTUAL ALLEGATIONS

**Plaintiff Ron Littman**

19. The Plaintiff is and was the subscriber and regular user of the Washington State area code phone number that received the calls.

20. The Plaintiff uses his cell phone number for personal use only, as one would use a landline.

21. It is his sole residential phone line.

22. The Plaintiff registered his Washington State area code cell phone number on the Federal Trade Commission's national do not call registry more than 30 days before all calls at issue.

23. At no time relevant to this lawsuit did the Plaintiff consent to Leadpoint or its agents soliciting him for mortgage products or services text messages, phone calls, or to phone calls initiated with artificial or pre-recorded voice.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

24. During 2025 Plaintiff has received unwanted telephone calls / commercial electronic mail messages from Leadpoint or its agents.

25. Leadpoint or its agents had a pattern and practice of telephone soliciting / texting the Plaintiff without consent.

26. The following is an example of a text message Leadpoint sent Mr. Littman.




27. While this text message appears as one, it has 231 characters, and thus two separate text messages which the phone assembled to appear to be one text message.

28. The text portion of text messages are limited to 148 characters that can be displayed to the recipient.

29. Text messages that display more than 148 characters are multiple messages, with instructions for the phone to display them as one combined text message.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

30. *fharateguideX.com*, where X is an integer from 1-7, are domains Leadpoint uses in their text message campaigns to market their website fharateguide.com.

31. When a text message recipient clicks on *fharateguideX.com* he or she is eventually directed to *fharateguide.com*.

32. Leadpoint goes to some trouble to hide their identity.

33. On the homepage and in their terms of service and privacy policy they use the "FHA Rate Guide" name and use a co-working space address 5717 Legacy Drive, Suite 250 Plano, TX 75024.

34. But on a hidden page, with the contents blanked shortly after, Leadpoint admitted FHA Rate Guide is owned by Leadpoint Inc.

35. FHA Rate Guide is owned by Leadpoint Inc.

36. *fharateguide.com* is owned by Leadpoint Inc.

37. Leadpoint owned *fharateguide.com* during all of the year 2025.

38. Leadpoint has owned *fharateguide.com* for all of the current year 2026.

39. Leadpoint owned FHA Rate Guide during all of the year 2025.

40. Leadpoint has owned FHA Rate Guide for all of the current year 2026.

41. The text message above falsely links "Pacific Residential Mortgage" with FHA Rate Guide but the Chief Executive Office of Pacific Residential Mortgage [now a part of Go Mortgage] testified under oath it has no business relationship with FHA Rate Guide and has not authorized Leadpoint to market on their behalf.

42. In fact, Go Mortgage is sending Leadpoint a cease and desist letter ordering them to stop using the Pacific Residential Mortgage name in their text message campaigns.

43. Leadpoint falsely used the Pacific Residential Mortgage name in the unwanted text messages because it knew it was texting Mr. Littman without consent and wanted Mr. Littman to chase a false trail.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

44. Leadpoint used the coworking physical address on the *fharateguide.com* website instead of its actual physical address because it knows it is texting consumers without consent.

45. This demonstrates how Leadpoint's violations were willful and knowing.

46. Leadpoint followed up with one or more text messages to Mr. Littman in the following days.

47. The follow up text messages were identical in content, and each one was two text messages stitched together to appear as one.

48. Each text message encouraging the purchase of mortgage products or services from Go Mortgage

49. Mr. Littman never provided his telephone number to Leadpoint, never had a relationship with Go Mortgage, and never gave permission for Leadpoint to send him any type of communication.

50. Nor is Mr. Littman's name Nathan.

51. Mr. Littman was not looking for mortgage products or services from anyone.

52. Leadpoint purchased a fake mortgage lead through an entity acting as their agent in acquiring leads to call and started texting Mr. Littman.

53. Leadpoint gave this agent the task of finding leads it could telephone solicit mortgage services too.

54. **Class Definition:** The Plaintiff brings this class action lawsuit pursuant to CR 23, and seeks certification of the following Classes:

> **DNCR Class**: Plaintiff and all persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**CEMA Class:** Plaintiff and all persons within Washington State who Defendants initiated or assisted in the transmission of one or more commercial electronic text messages to their phone number without consent.

**Identification Class:** Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification a Defendant (or an agent acting on behalf of a Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without providing the called party the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

**False or misleading Caller ID class**: Plaintiff and all persons within the United State who from four years prior to the filing of this action through class certification Defendants (or an agent acting on behalf of Defendants) called for the purpose of encouraging the recipients to purchase property, goods, or services while failing to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failing to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed.

55. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

56. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

57. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

58. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

c. Whether Defendant sent text messages without providing the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

d. The number of text messages Defendant sent to Washington residents' cell phones or pagers;

e. Whether Defendant should be held liable for violations committed on its behalf, if any; and

f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

59. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

60. In addition to satisfying the prerequisites of CR 23(a), Plaintiff satisfies the requirements for maintaining a class action under CR 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

61. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

62. Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

## IV. CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

63. Leadpoint is a "seller" as defined by 47 CFR § 64.1200(f)(10).

64. All of the calls Leadpoint initiated to the Plaintiff and proposed Classes were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

65. Leadpoint is a "person" as defined by RCW 19.86.010(1) & RCW 19.190.010(11).

66. The Plaintiff is a person as defined by RCW 19.86.010(1) & RCW 19.190.010(11).

67. Leadpoint engaged in "trade" and "commerce" with Washington State residents as defined by RCW 19.86.010(2).

68. Leadpoint sent the Plaintiff "Commercial electronic text message[s]" as defined by RCW 19.190.010(3).

69. Leadpoint sent the Plaintiff "Electronic text message[s]" as defined by RCW 19.190.010(6).

70. The calls were initiated to encourage the Plaintiff to purchase goods and/or services from Leadpoint.

71. The phone chirping and buzzing from unwanted text messages is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

72. Looking at who is texting and removing the unwanted text messages takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

73. Trying to figure out who is behind the text message is obnoxious and costs the Plaintiff time.

**COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(c)**

74. Pursuant to 47 U.S.C. 227(c), it is unlawful for a person to initiate telephone solicitation without consent to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

75. The Plaintiff realleges the previous paragraphs supra.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

76. The Plaintiff registered his telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).

77. Leadpoint violated 47 U.S.C. 227(c) by calling the Plaintiff's telephone without invitation or consent.

78. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. 227 applies to its calls.

79. Leadpoint instructed their agent to find leads they could telephone solicit mortgage goods and services too.

80. Leadpoint's agent knew Mr. Littman did not want mortgage-related solicitation calls and made a false representation that he did.

81. The knowledge of their agent is imputed to Leadpoint.

82. Therefore Leadpoint knew or should have known Mr. Littman did not want mortgage-related solicitation calls, yet they called him anyway.

83. Leadpoint violated 47 U.S.C. § 227(c) on no fewer than ten (10) occasions.

84. The Plaintiff has been damaged and injured as a result of these actions.

85. Leadpoint's actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 2 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(4)**

86. Pursuant to 47 C.F.R. § 64.1200(d)(4), all calls made for telemarketing purposes shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

87. The Plaintiff realleges the previous paragraphs supra.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

88. Leadpoint never identified the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted by the Plaintiff.

89. Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d)(4) on no fewer than ten (10) occasions.

90. The Plaintiff has been damaged and injured as a result of these actions.

91. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**
**47 CFR § 64.1601(e).**

92. 47 CFR § 64.1601(e) requires that any entity engaged in telemarketing as that term is defined in 47 C.F.R § 64.1200 must transmit caller identification information.

93. The Plaintiff realleges the previous paragraphs supra.

94. That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any individual could make a do-not-call request to the telemarketer or seller during regular business hours.

95. The Defendants and their agents did neither.

96. Leadpoint or their agent's phone carrier allowed them to transmit the name of the telemarketer or seller, and Leadpoint chose not to transmit this information on any call to Plaintiff.

97. Leadpoint and their agents chose not to transmit a telephone number such that Plaintiff could make a do-not-call request to the telemarketer or seller during regular business hours.

98. Therefore, Leadpoint has violated 47 CFR § 64.1601(e) on no fewer than ten (10) occasions.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

99. The Plaintiff has been damaged and injured as a result of these actions.

100. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 4 – WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT**
**RCW 19.190 *et seq***

101. Washington State's Commercial Electronic Mail Act ("CEMA") prohibits initiating or substantially assisting in the transmission of any "electronic text message sent to promote real property, goods, or services for sale or lease" without the explicit permission of the receiving party.

102. (1) No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages.

103. (2) The legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, RCW 19.86 *et seq*. A violation of this section is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, RCW 19.86 *et seq*. RCW 19.190.060.

104. The Washington State Supreme Court has held that sending a text message in violation of CEMA is a per-se violation of the states' Consumer Protection Act statute RCW 19.86, meaning it automatically satisfies all five elements. "In fact, damages for CEMA violations are automatic."[1]

---

[1] *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 406 P.3d 1149 (2017).



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

105. The Washington State legislature determined that "[d]amages to the recipient of a . . . commercial electronic text message sent in violation of this chapter are five hundred dollars, or actual damages, whichever is greater." RCW 19.190.040(1).

106. The Plaintiff realleges the previous paragraphs supra.

107. Leadpoint either initiated or substantially assisted in the transmission of text messages to Plaintiff that promoted the sale of goods or services.

108. Leadpoint violated RCW 19.190 *et seq's* prohibition transmitting electronic commercial text messages on no fewer than ten (10) occasions.

109. The Plaintiff has been damaged and injured as a result of these actions.

110. Leadpoint's actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 5 – WASHINGTON CONSUMER PROTECTION ACT**
**RCW 19.86 ET SEQ**

111. A violation of RCW 19.190 *et seq*, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

112. The Plaintiff realleges the previous paragraphs supra.

113. Each of the previously pleaded violations of RCW 19.190 *et seq* by Leadpoint against Mr. Littman were also violations of the Washington Consumer Protection Act.

114. Therefore, the Defendants have violated RCW 19.86 *et seq* on no fewer than ten (10) occasions.

115. The Plaintiff has been injured and damaged because of Leadpoint's actions.

116. Leadpoint's actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

## COUNT 6 – INJUNCTIVE RELIEF

117. A Plaintiff may seek injunctive relief for violations of the Telephone Consumer Protection Act. 47 U.S.C. § 227, 47 CFR § 64.1601(e), the Washington Consumer Electronic Mail Act RCW 19.190.090, and the Washington Consumer Protection Act. RCW 19.86.090.

118. The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards Washington State residents in the manner described above. Specifically, The Plaintiff seeks injunctions prohibiting Leadpoint from acting in any manner at odds with 47 U.S.C.§ 227(c), 47 CFR § 64.1601(e), RCW 19.190 *et seq*, and RCW 19.86 *et seq*.

119. The Plaintiff realleges the previous paragraphs supra.

120. Leadpoint's actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

121. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Washington State public as well.

122. Injunctive relief should therefore be granted by this Court.

## V. JURY DEMAND

123. The Plaintiff demands a trial by jury.

## VI. PRAYER FOR RELIEF

124. WHEREFORE, the Plaintiff prays that the proposed Class be certified under CR 23 and that the Plaintiff and his counsel be appointed to represent the Class and for judgment be entered against Leadpoint for:

125. Statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

126. Statutory damages of $500.00 per violation of the Washington Commercial Electronic Mail Act and Washington Consumer Protection Act;



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

127. Plaintiff's actual damages;

128. For treble damages pursuant to RCW 19.86.090, RCW 19.190.090, & 47 U.S.C.§ 227(c).

129. For the Plaintiff's costs and attorney's fees pursuant to RCW 19.190.090 & RCW 19.86.090;

130. For all injunctive relief as pleaded for above;

131. For any and all other relief this Court deems proper.

DATED February 23, 2026.

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015