**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LEADPOINT, INC, and DOES 1-10,<br><br>Defendants. | No. 3:26-cv-05324-BHS<br><br>**DEFENDANT LEADPOINT, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>JURY DEMANDED |

# DEFENDANT LEADPOINT, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant LeadPoint, Inc. ("Defendant" or "LeadPoint"), through counsel, hereby answers the Class Action Complaint ("Complaint") filed by Plaintiff Ron Littman. Except as expressly admitted herein, LeadPoint denies each and every allegation in the Complaint.

## I. INTRODUCTION

1. There are telemarketers in America whose long-term business model is placing lots and lots of unsolicited calls and robocalls.

**ANSWER:** This is a generic allegation that is not directed at LeadPoint. Accordingly, no response is required. To the extent a response is required, LeadPoint denies that it violated the Telephone Consumer Protection Act ("TCPA"), the Washington Commercial Electronic Mail Act ("CEMA"), or the Washington Consumer Protection Act ("WCPA"), willfully or otherwise. LeadPoint lacks knowledge or



ArentFox Schiff LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

2. Companies who sell a particular widget are looking for customers interested in such widgets, and telemarketers are eager to introduce widget makers with possibly interested customers.

**ANSWER:** This is a generic allegation that is not directed at LeadPoint. Accordingly, no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

3. Some telemarketers call all the phone numbers they can, playing pre-recorded or artificially generated speech about widgets.

**ANSWER:** This is a generic allegation that is not directed at LeadPoint. Accordingly, no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

4. The telemarketer does this to build up a pool of valid phone numbers, noting key demographics of the people behind the phone numbers like age, gender, interests, or location.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** This is a generic allegation that is not directed at LeadPoint. Accordingly, no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

5. When the telemarketer strikes a deal with a specific widget maker to find potential customers, the telemarketer goes to their calling pool, and calls the people that fit the widget maker's specified customer profile.

**ANSWER:** This is a generic allegation that is not directed at LeadPoint. Accordingly, no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

6. And call them again and again and again.

**ANSWER:** This is a generic allegation that is not directed at LeadPoint. Accordingly, no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

7. When the telemarketer finds a consumer they can sell to a widget maker, they call that person a "Lead."



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** This is a generic allegation that is not directed at LeadPoint. Accordingly, no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

8. The telemarketer passes the Lead to a widget maker for monetary gain, the widget maker is happy to have someone to pitch their widgets to, and everyone in the loop gains something.

**ANSWER:** This is a generic allegation that is not directed at LeadPoint. Accordingly, no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

9. This is with the exception of consumers like the Plaintiff and individuals in the proposed class, who don't want the phone calls.

**ANSWER:** This is a generic allegation that is not directed at LeadPoint. Accordingly, no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

10. As former Senator Fritz Hollings once stated:



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

> "computerized calls are the scourge of modem civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

**ANSWER:** This is a generic allegation that is not directed at LeadPoint. Accordingly, no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

## II. PARTIES, JURISDICTION & VENUE

11. The Plaintiff is a resident of Pierce County, Washington, and was a resident of Washington State at all times relevant and material to this complaint.

**ANSWER:** LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

12. Defendant Leadpoint Inc, ("Leadpoint") is a Texas corporation with its principal place of business located at 104 W Anapamu St Ste B, Santa Barbara CA 93101.

**ANSWER:** Denied.

13. Leadpoint's registered agent in Washington State is Registered Agent Solutions Inc, 3400 Capitol Blvd SE Ste 101, Tumwater WA 98501.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** LeadPoint admits that its registered agent is Registered Agent Solutions, Inc., but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

14. DOES 1-10 are currently unknown parties who acted as the agent of a known defendant in telephone soliciting consumers and Plaintiff.

**ANSWER:** LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

15. All of the calls alleged in this complaint occurred inside the State of Washington during the last four years, and Plaintiff received most of them in Pierce County, Washington State.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

16. Defendants are within the jurisdiction of the Court.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

17. At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing of computerized phone calls to the Plaintiff and Washington State residents to sell products and services.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

18. Venue is proper in this County because many of the violations against the Plaintiff and putative class members occurred in this Court's jurisdiction.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. This Paragraph otherwise consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

## III. FACTUAL ALLEGATIONS

**Plaintiff Ron Littman**

19. The Plaintiff is and was the subscriber and regular user of the Washington State area code phone number that received the calls.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

20. The Plaintiff uses his cell phone number for personal use only, as one would use a landline.

**ANSWER:** LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

21. It is his sole residential phone line.

**ANSWER:** LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

22. The Plaintiff registered his Washington State area code cell phone number on the Federal Trade Commission's national do not call registry more than 30 days before all calls at issue.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

23. At no time relevant to this lawsuit did the Plaintiff consent to Leadpoint or its agents soliciting him for mortgage products or services text messages, phone calls, or to phone calls initiated with artificial or pre-recorded voice.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

24. During 2025 Plaintiff has received unwanted telephone calls / commercial electronic mail messages from Leadpoint or its agents.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

25. Leadpoint or its agents had a pattern and practice of telephone soliciting / texting the Plaintiff without consent.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies the remaining allegations set forth in this Paragraph.

26. The following is an example of a text message Leadpoint sent Mr. Littman.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500




**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

27. While this text message appears as one, it has 231 characters, and thus two separate text messages which the phone assembled to appear to be one text message.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

28. The text portion of text messages are limited to 148 characters that can be displayed to the recipient.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

29. Text messages that display more than 148 characters are multiple messages, with instructions for the phone to display them as one combined text message.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

30. *fharateguideX.com,* where X is an integer from 1-7, are domains Leadpoint uses in their text message campaigns to market their website fharateguide.com.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

31. When a text message recipient clicks on *fharateguideX.com* he or she is eventually directed to *fharateguide.com.*



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

32. Leadpoint goes to some trouble to hide their identity.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies the remaining allegations set forth in this Paragraph.

33. On the homepage and in their terms of service and privacy policy they use the "FHA Rate Guide" name and use a co-working space address 5717 Legacy Drive, Suite 250 Plano, TX 75024.

**ANSWER:** LeadPoint admits only that the website fharateguide.com speaks for itself and denies any allegation inconsistent with the website.

34. But on a hidden page, with the contents blanked shortly after, Leadpoint admitted FHA Rate Guide is owned by Leadpoint Inc.

**ANSWER:** LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

35. FHA Rate Guide is owned by Leadpoint Inc.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it "owns" FHA Rate Guide.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

36. *fharateguide.com* is owned by Leadpoint Inc.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it "owns" the referenced website as alleged.

37. Leadpoint owned *fharateguide.com* during all of the year 2025.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it "owns" the referenced website as alleged.

38. Leadpoint has owned *fharateguide.com* for all of the current year 2026.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it "owns" the referenced website as alleged.

39. Leadpoint owned FHA Rate Guide during all of the year 2025.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it "owns" the referenced website as alleged.

40. Leadpoint has owned FHA Rate Guide for all of the current year 2026.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it "owns" FHA Rate Guide as alleged.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

41. The text message above falsely links "Pacific Residential Mortgage" with FHA Rate Guide but the Chief Executive Office of Pacific Residential Mortgage [now a part of Go Mortgage] testified under oath it has no business relationship with FHA Rate Guide and has not authorized Leadpoint to market on their behalf.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint denies the remaining allegations set forth in this Paragraph.

42. In fact, Go Mortgage is sending Leadpoint a cease and desist letter ordering them to stop using the Pacific Residential Mortgage name in their text message campaigns.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint denies the remaining allegations set forth in this Paragraph.

43. Leadpoint falsely used the Pacific Residential Mortgage name in the unwanted text messages because it knew it was texting Mr. Littman without consent and wanted Mr. Littman to chase a false trail.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies the remaining allegations set forth in this Paragraph.

44. Leadpoint used the coworking physical address on the *fharateguide.com* website instead of its actual physical address because it knows it is texting consumers without consent.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies the remaining allegations set forth in this Paragraph.

45. This demonstrates how Leadpoint's violations were willful and knowing.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies the remaining allegations set forth in this Paragraph.

46. Leadpoint followed up with one or more text messages to Mr. Littman in the following days.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

47. The follow up text messages were identical in content, and each one was two text messages stitched together to appear as one.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

48. Each text message encouraging the purchase of mortgage products or services from Go Mortgage.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies the remaining allegations set forth in this Paragraph.

49. Mr. Littman never provided his telephone number to Leadpoint, never had a relationship with Go Mortgage, and never gave permission for Leadpoint to send him any type of communication.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

50. Nor is Mr. Littman's name Nathan.

**ANSWER:** LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

51. Mr. Littman was not looking for mortgage products or services from anyone.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

52. Leadpoint purchased a fake mortgage lead through an entity acting as their agent in acquiring leads to call and started texting Mr. Littman.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

53. Leadpoint gave this agent the task of finding leads it could telephone solicit mortgage services too.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

54. **Class Definition:** The Plaintiff brings this class action lawsuit pursuant to CR 23, and seeks certification of the following Classes:

> **DNCR Class:** Plaintiff and all persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

> **CEMA Class:** Plaintiff and all persons within Washington State who Defendants initiated or assisted in the transmission of one or more commercial electronic text messages to their phone number without consent.

> **Identification Class:** Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification a Defendant (or an agent acting on behalf of a Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without providing the called party the name of the individual caller, the name of the person or entity on whose



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

__**False or misleading Caller ID class:**__ Plaintiff and all persons within the United State who from four years prior to the filing of this action through class certification Defendants (or an agent acting on behalf of Defendants) called for the purpose of encouraging the recipients to purchase property, goods, or services while failing to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failing to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies that class certification is appropriate in this case.

55. **Numerosity:** The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint admits that the number of the members of the putative class are unknown. LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise and denies that class certification is appropriate in this case. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

56. **Typicality:** Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies that class certification is appropriate in this case. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

57. **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies that class certification is appropriate in this case. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

58. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

c. Whether Defendant sent text messages without providing the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

d. The number of text messages Defendant sent to Washington residents' cell phones or pagers;

e. Whether Defendant should be held liable for violations committed on its behalf, if any; and

f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

**ANSWER:** This Paragraph and its subparts consist of legal propositions and conclusions for which no response is required. To the extent a response is required,



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies that class certification is appropriate in this case. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

59. **Superiority:** Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies that class certification is appropriate in this case. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

60. In addition to satisfying the prerequisites of CR 23(a), Plaintiff satisfies the requirements for maintaining a class action under CR 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and (sic)

**ANSWER:** This Paragraph and its subparts consist of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies that class certification is appropriate in this case. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

61. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies that class certification is appropriate in this case.

62. Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies that class certification is appropriate in this case. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

## IV. CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

63. Leadpoint is a "seller" as defined by 47 CFR § 64.1200(f)(10).

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

64. All of the calls Leadpoint initiated to the Plaintiff and proposed Classes were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

65. Leadpoint is a "person" as defined by RCW 19.86.010(1) & RCW 19.190.010(11).

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

66. The Plaintiff is a person as defined by RCW 19.86.010(1) & RCW 19.190.010(11).

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

67. Leadpoint engaged in "trade" and "commerce" with Washington State residents as defined by RCW 19.86.010(2).



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

68. Leadpoint sent the Plaintiff "Commercial electronic text message[s]" as defined by RCW 19.190.010(3).

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

69. Leadpoint sent the Plaintiff "Electronic text message[s]" as defined by RCW 19.190.010(6).

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

70. The calls were initiated to encourage the Plaintiff to purchase goods and/or services from Leadpoint.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

71. The phone chirping and buzzing from unwanted text messages is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies the remaining allegations set forth in this Paragraph.

72. Looking at who is texting and removing the unwanted text messages takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies the remaining allegations set forth in this Paragraph.

73. Trying to figure out who is behind the text message is obnoxious and costs the Plaintiff time.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies the remaining allegations set forth in this Paragraph.

**COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(c)**

74. Pursuant to 47 U.S.C. 227(c), it is unlawful for a person to initiate telephone solicitation without consent to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

**ANSWER:** This is a generic allegation concerning the TCPA, a law that speaks for itself. Accordingly, this Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies any allegations inconsistent with the TCPA, and further denies that it violated the TCPA, willfully or otherwise.

75. The Plaintiff realleges the previous paragraphs supra.

**ANSWER:** LeadPoint realleges its responses to the previous paragraphs supra as though fully set forth herein.

76. The Plaintiff registered his telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).

**ANSWER:** LeadPoint denies that it violated the TCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

77. Leadpoint violated 47 U.S.C. 227(c) by calling the Plaintiff's telephone without invitation or consent.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

78. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. 227 applies to its calls.

**ANSWER:** LeadPoint denies that it violated the TCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

79. Leadpoint instructed their agent to find leads they could telephone solicit mortgage goods and services too.

**ANSWER:** LeadPoint denies that it violated the TCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

80. Leadpoint's agent knew Mr. Littman did not want mortgage-related solicitation calls and made a false representation that he did.

**ANSWER:** LeadPoint denies that it violated the TCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph and so denies the allegations.

81. The knowledge of their agent is imputed to Leadpoint.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies the allegations set forth in this Paragraph.

82. Therefore Leadpoint knew or should have known Mr. Littman did not want mortgage-related solicitation calls, yet they called him anyway.

**ANSWER:** LeadPoint denies that it violated the TCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

83. Leadpoint violated 47 U.S.C. § 227(c) on no fewer than ten (10) occasions.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

84. The Plaintiff has been damaged and injured as a result of these actions.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

85. Leadpoint's actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

**COUNT 2 - TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(4)**

86. Pursuant to 47 C.F.R. § 64.1200(d)(4), all calls made for telemarketing purposes shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

**ANSWER:** This is a generic allegation concerning the TCPA, a law that speaks for itself. Accordingly, this Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies any allegations inconsistent with the TCPA, and further denies that it violated the TCPA, willfully or otherwise.

87. The Plaintiff realleges the previous paragraphs supra.

**ANSWER:** LeadPoint realleges its responses to the previous paragraphs supra as though fully set forth herein.

88. Leadpoint never identified the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted by the Plaintiff.

**ANSWER:** LeadPoint denies that it violated the TCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

89. Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d)(4) on no fewer than ten (10) occasions.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

90. The Plaintiff has been damaged and injured as a result of these actions.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

91. The Defendants' actions were willful and wanton, and therefore the Plaintiffs damages should be trebled.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

**COUNT 3 - TELEPHONE CONSUMER PROTECTION ACT**
**47 CFR § 64.1601(e).**

92. 47 CFR § 64.1601(e) requires that any entity engaged in telemarketing as that term is defined in 47 C.F.R § 64.1200 must transmit caller identification information.

**ANSWER:** This is a generic allegation concerning the TCPA, a law that speaks for itself. Accordingly, this Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies any allegations inconsistent with the TCPA, and further denies that it violated the TCPA, willfully or otherwise.

93. The Plaintiff realleges the previous paragraphs supra.

**ANSWER:** LeadPoint realleges its responses to the previous paragraphs supra as though fully set forth herein.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

94. That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any individual could make a do-not-call request to the telemarketer or seller during regular business hours.

**ANSWER:** This is a generic allegation concerning the TCPA, a law that speaks for itself. Accordingly, this Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies any allegations inconsistent with the TCPA, and further denies that it violated the TCPA, willfully or otherwise.

95. The Defendants and their agents did neither.

**ANSWER:** LeadPoint denies that it violated the TCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

96. Leadpoint or their agent's phone carrier allowed them to transmit the name of the telemarketer or seller, and Leadpoint chose not to transmit this information on any call to Plaintiff.

**ANSWER:** LeadPoint denies that it violated the TCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

97. Leadpoint and their agents chose not to transmit a telephone number such that Plaintiff could make a do-not-call request to the telemarketer or seller during regular business hours.

**ANSWER:** LeadPoint denies that it violated the TCPA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

98. Therefore, Leadpoint has violated 47 CFR § 64.1601(e) on no fewer than ten (10) occasions.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

99. The Plaintiff has been damaged and injured as a result of these actions.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

100. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

**COUNT 4 - WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT RCW 19.190 *et seq***

101. Washington State's Commercial Electronic Mail Act ("CEMA") prohibits initiating or substantially assisting in the transmission of any "electronic text message sent to promote real property, goods, or services for sale or lease" without the explicit permission of the receiving party.

**ANSWER:** This is a generic allegation concerning the CEMA, a law that speaks for itself. Accordingly, this Paragraph consists of legal propositions and conclusions for



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

which no response is required. To the extent a response is required, LeadPoint denies any allegations inconsistent with the CEMA, and further denies that it violated the CEMA, willfully or otherwise.

102. (1) No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages.

**ANSWER:** This is a generic allegation concerning the CEMA, a law that speaks for itself. Accordingly, this Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies any allegations inconsistent with the CEMA, and further denies that it violated the CEMA, willfully or otherwise.

103. (2) The legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, RCW 19.86 *et seq.* A violation of this section is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, RCW 19.86 *et seq.* RCW 19.190.060.

**ANSWER:** This is a generic allegation concerning the CEMA, a law that speaks for itself. Accordingly, this Paragraph consists of legal propositions and conclusions for



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

which no response is required. To the extent a response is required, LeadPoint denies any allegations inconsistent with the CEMA, and further denies that it violated the CEMA, willfully or otherwise.

104. The Washington State Supreme Court has held that sending a text message in violation of CEMA is a per-se violation of the states' Consumer Protection Act statute RCW 19.86, meaning it automatically satisfies all five elements. "In fact, damages for CEMA violations are automatic."[1].

**ANSWER:** This is a generic allegation concerning the interpretation of CEMA. Accordingly, this Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies any allegations inconsistent with the CEMA, and further denies that it violated the CEMA, willfully or otherwise.

105. The Washington State legislature determined that "[d]amages to the recipient of a ... commercial electronic text message sent in violation of this chapter are five hundred dollars, or actual damages, whichever is greater." RCW 19.190.040(1).

**ANSWER:** This is a generic allegation concerning the CEMA, a law that speaks for itself. Accordingly, this Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies any

[1] *Wright v. Lyft, Inc.,* 189 Wn.2d 718, 406 P.3d 1149 (2017).



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

allegations inconsistent with the CEMA, and further denies that it violated the CEMA, willfully or otherwise.

106. The Plaintiff realleges the previous paragraphs supra.

**ANSWER:** LeadPoint realleges its responses to the previous paragraphs supra as though fully set forth herein.

107. Leadpoint either initiated or substantially assisted in the transmission of text messages to Plaintiff that promoted the sale of goods or services.

**ANSWER:** LeadPoint denies that it violated CEMA, willfully or otherwise. LeadPoint lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in this Paragraph and so denies the allegations.

108. Leadpoint violated RCW 19.190 *et seq's* prohibition transmitting electronic commercial text messages on no fewer than ten (10) occasions.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

109. The Plaintiff has been damaged and injured as a result of these actions.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

110. Leadpoint's actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

**COUNT 5 - WASHINGTON CONSUMER PROTECTION ACT**
**RCW 19.86 ET SEQ**

111. A violation of RCW 19.190 *et seq,* is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**ANSWER:** This is a generic allegation concerning CEMA and WCPA, laws that speaks for themselves. Accordingly, this Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies any allegations inconsistent with CEMA and WCPA, and further denies that it violated CEMA or WCPA, willfully or otherwise.

112. The Plaintiff realleges the previous paragraphs supra.

**ANSWER:** LeadPoint realleges its responses to the previous paragraphs supra as though fully set forth herein.

113. Each of the previously pleaded violations of RCW 19.190 *et seq* by Leadpoint against Mr. Littman were also violations of the Washington Consumer Protection Act.

**ANSWER:** LeadPoint denies that it violated CEMA or WCPA, willfully or otherwise, and denies the remaining allegations set forth in this Paragraph.

114. Therefore, the Defendants have violated RCW 19.86 *et seq* on no fewer than ten (10) occasions.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

115. The Plaintiff has been injured and damaged because of Leadpoint's actions.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

116. Leadpoint's actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**COUNT 6 - INJUNCTIVE RELIEF**

117. A Plaintiff may seek injunctive relief for violations of the Telephone Consumer Protection Act. 47 U.S.C. § 227, 47 CFR § 64.1601(e), the Washington Consumer Electronic Mail Act RCW 19.190.090, and the Washington Consumer Protection Act. RCW 19.86.090.

**ANSWER:** This Paragraph consists of legal propositions and conclusions for which no response is required. To the extent a response is required, LeadPoint denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise.

118. The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards Washington State residents in the manner described above. Specifically, The Plaintiff seeks injunctions prohibiting Leadpoint from acting in any manner at odds with 47 U.S.C.§ 227(c), 47 CFR § 64.1601(e), RCW 19.190 *et seq,* and RCW 19.86 *et seq.*

**ANSWER:** LeadPoint admits that Plaintiff seeks injunctive relief, but denies that Plaintiff is entitled to any such relief. LeadPoint further denies that it violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies the remining allegations set forth in this Paragraph.

119. The Plaintiff realleges the previous paragraphs supra.

**ANSWER:** LeadPoint realleges its responses to the previous paragraphs supra as though fully set forth herein.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

120. Leadpoint's actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

121. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Washington State public as well.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

122. Injunctive relief should therefore be granted by this Court.

**ANSWER:** LeadPoint denies the allegations set forth in this Paragraph.

## V. JURY DEMAND

123. The Plaintiff demands a trial by jury.

**ANSWER:** LeadPoint admits that Plaintiff has demanded a trial by jury but denies that it is liable in any way.

## VI. PRAYER FOR RELIEF

124. WHEREFORE, the Plaintiff prays that the proposed Class be certified under CR 23 and that the Plaintiff and his counsel be appointed to represent the Class and for judgment be entered against Leadpoint for:

125. Statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

126. Statutory damages of $500.00 per violation of the Washington Commercial Electronic Mail Act and Washington Consumer Protection Act;



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

127. Plaintiff's actual damages;

128. For treble damages pursuant to RCW 19.86.090, RCW 19.190.090, & 47 U.S.C.§ 227(c).

129. For the Plaintiff's costs and attorney's fees pursuant to RCW 19.190.090 & RCW 19.86.090;

130. For all injunctive relief as pleaded for above;

131. For any and all other relief this Court deems proper.

**ANSWER:** LeadPoint admits that Plaintiff seeks certification of a class and certain relief in connection with this action but denies that this action is appropriate for certification of a class, denies that LeadPoint violated the TCPA, CEMA, or WCPA, willfully or otherwise, and denies that Plaintiff is entitled to any relief as set forth in Paragraphs 124 through 131.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the claim included in the Complaint, LeadPoint sets forth the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against LeadPoint are barred, in whole or in part, because the injuries and/or damages alleged in the Complaint were proximately caused by, occurred, and/or were contributed to by acts or failures to act by another party for which LeadPoint cannot be liable.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred by estoppel and/or consent to receive the text messages at issue.

### FOURTH AFFIRMATIVE DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiff, on his behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject LeadPoint to punishment and or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on LeadPoint.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of the claims asserted by Plaintiff are barred because Plaintiff expressly invited LeadPoint to call him, did not later revoke his authorization to be called by LeadPoint or follow reasonable procedures for doing so, and did not suffer any injury by receiving the text messages he requested.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because LeadPoint had Plaintiff's prior express invitation to be called at the telephone number at issue.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the alleged communications at issue are excepted from and/or do not fall within the purview of the Telephone Consumer Protection Act, 47 U.S.C. § 227(c) and/or its private right of action, the Washington Commercial Electronic Mail Act ("CEMA"), or the Washington Consumer Protection Act ("WCPA").

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because LeadPoint has implemented the requisite practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under Section (c) of the TCPA.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because LeadPoint's telephone calls placed in response to the inquiry it received were not telemarketing calls, let alone telephone solicitations subject to Section (c) of the TCPA.



ARENTFOX SCHIFF LLP
Attorneys at Law
233 South Wacker Drive
Suite 7100
Chicago, Illinois 60606
312.258.5500

## TENTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure or LCR 23 are not met, including, but not limited to, that individual issues predominate over issues common to the putative class, and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

## ELEVENTH AFFIRMATIVE DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23 or LCR 23.

## TWELFTH AFFIRMATIVE DEFENSE

LeadPoint intends to rely upon all other provable defenses available at trial and developed in discovery.

Dated: April 8, 2026.

**ARENTFOX SCHIFF LLP**

By: *Stephen M. Copenhaver*

Stephen M. Copenhaver
ArentFox Schiff LLP
233 S. Wacker, Suite 7100
Chicago, Illinois 60606
steve.copenhaver@afslaw.com
Telephone: 312.258.5648
Facsimile: 312.258.5600

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, I electronically filed a true and correct copy of the foregoing using the Court's e-filing system. In addition, I caused the foregoing to be served via electronic mail on the following counsel of record.

Peter Schneider
NORTHWEST DEBT RESOLUTION
10900 4th Street, Suite 2300
Bellevue, WA 98004
T: 206.800.6000
F: 206.800.6015
peter@nwdebtresolution.com

*Attorneys for Plaintiff*

*Stephen M. Copenhaver*
Stephen M. Copenhaver